UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EVERETT JEROME JOHNSON, § § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:12-CV-1568 |
| § | |
| SHERIFF ADRIAN GARCIA, *et al*, § § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Plaintiff Everett Jerome Johnson filed a complaint under 42 U.S.C. § 1983 alleging violations of his civil rights arising out of the conditions at Harris County Jail. On June 14, 2013, all of the named individual defendants moved for summary judgment. Johnson did not respond to the motion. For the reasons stated below, defendants' motion is granted and plaintiff's complaint is dismissed with prejudice.

**I.    Background**

At all times relevant to this case, Johnson was an inmate in the Harris County Jail. The individual defendants are Harris County Sheriff Adrian Garcia and deputies and other employees of the jail. Plaintiff alleges that the jail was overcrowded, that the jail commissary charged inmates inflated prices and sold him a defective pen, that he was assigned a bed that was unsuitable for his medical needs, and that he received cold food.

### II.   Analysis

#### A.   Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).  Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

#### B.   Exhaustion Of Remedies

Before bringing a federal lawsuit challenging prison conditions, a prisoner must first exhaust available administrative remedies.  42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199 (2007).  Defendants argue that Johnson failed to exhaust his claims against them through the jail grievance process.

The record shows that Johnson filed no grievances through the established grievance process prior to filing this lawsuit.  *See* Defendants' Exh. 3 at 2-3.  He did send requests and non-grievance matters to the Grievance Board, which advised him that his complaints were not filed through proper channels.  He then failed to appeal these decisions by the Board.  *Id.*; Plaintiff's More Definite Statement at 18.  The record also establishes that Johnson received a copy of the inmate handbook, which includes an explanation of grievance procedures, upon his arrival at the jail.  *Id.* at 2.

42 U.S.C. § 1997e requires "proper exhaustion," *i.e.*, compliance with the jail's established grievance procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Because Johnson failed to properly exhaust his available administrative remedies, defendants are entitled to summary judgment.

**C.     Conclusion**

For the foregoing reasons, the defendants' motion for summary judgment is granted.

**III.    Order**

It is ORDERED that:

1. The defendants' motion for summary judgment (Doc. # 31) is GRANTED; and

2. The complaint (Doc. # 1) is DISMISSED WITH PREJUDICE.

SIGNED on this 28th day of October, 2013.

_____
Kenneth M. Hoyt
United States District Judge